[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
CT Page 7929
This matter was scheduled for a pretrial conference before the court on April 11, 2001. Plaintiff's counsel Attorney Indeg Raimundo and defendants' counsel Raymond Joseph Lemley both attended the pretrial conference.
The case was in a curious posture. A default for failure to plead had been entered against the two defendants Michael Gaetano and Sandra Gaetano on August 24, 2000. The court brought this to the attention of Attorney Lemley who indicated that he would promptly file an answer so that the pleadings could be closed. The discussions at the pretrial conference also disclosed that the two defendants had separate and opposing theories of defense. The court pointed out this conflict to Attorney Lemley who indicated that he would solve this problem by having separate counsel come into the case in his stead for one of the two defendants.
The court continued the pretrial conference to May 2, 2001 at 9:00 A.M. This date and time was communicated to both counsel directly by the court. The importance of promptness was emphasized because of another pretrial conference that was scheduled for the court at 9:20 on May 2.
On May 2, 2001, plaintiff's counsel was in attendance at 9:00 A.M. but Attorney Lemley was late. He had not filed an answer for either defendant. When he finally arrived, he indicated that he understood that Attorney Donald Walsh was to have filed an appearance on behalf of Sandra Gaetano in lieu of that of Attorney Lemley. No such appearance had been filed, and Attorney Lemley had not moved to withdraw his appearance for either defendant. The pretrial conference could not proceed in a substantive way because Attorney Lemley was late and because he had not performed the tasks he had previously told the court he would perform. The court once again continued the pretrial conference, with oral notice to both counsel, to Wednesday, May 23, 2001, at 9:00 A.M.
On May 23, 2001, the attorney for the plaintiff was once again present promptly at 9:00 A.M. Attorney Lemley did not appear at the conference, and as of this date has failed to communicate with the court in any way to explain his absence.
The original written pretrial notice to counsel in this matter contains the following language: "Failure to appear results in default, nonsuit or dismissal." The defendants have already been defaulted for failure to plead, a default which can ordinarily be set aside automatically by the filing of an answer before judgment has been rendered. Conn. P.B. §17-32(b). This court finds that the behavior of Attorney Lemley in CT Page 7930 failing to honor his commitments to the court and in failing to promptly attend, or offer any excuse for failure to attend, the pretrial conference as ordered merits the entry of an additional disciplinary default against the defendants in this matter.
It is therefore ordered that no motion to set aside or motion to open default shall be granted ministerially by the clerk but only, if at all, by a judge of this court for good cause shown. The court directs that any motion filed on behalf of either defendant specifically refer to this order in the text of the motion.
Patty Jenkins Pittman, Judge